Saldivar v Bayside Contr., Inc. (2024 NY Slip Op 50003(U))

[*1]

Saldivar v Bayside Contr., Inc.

2024 NY Slip Op 50003(U)

Decided on January 7, 2024

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 7, 2024
Supreme Court, Kings County

Efrain Saldivar, Plaintiff,

against
Bayside Contracting, Inc. d/b/a Bayside Contracting, 
 Bayside Warehouse LLC d/b/a BAYSIDE Contracting, Panagiotis Economou, and Christos Economou, Defendants.

Index No. 524400/2023

Aaron D. Maslow, J.

The following numbered papers were read on this motion: NYSCEF Document Numbers 4-12.
Upon the foregoing papers, and the Court having elected to determine the within motion on submission pursuant to 22 NYCRR 202.8-f and IAS Part 2 Rules, Part I (Motions & Special Proceedings), Subpart C (Appearances), Section 6 (Personal Appearances) ("All motions presumptively are to be argued in person unless the Court informs the parties at least two days in advance that it has made a sua sponte determination that a motion will be determined on submission.)," and due deliberation having been had thereon,
It is hereby ORDERED as follows:
Plaintiff Efrain Saldivar (hereinafter "Saldivar") makes four requests regarding the Proposed Settlement in this class action. First, Plaintiff seeks preliminary approval of the Settlement Agreement of $75,000, which covers attorneys' fees and costs, Class Members' awards, and settlement administration fees. Second, Plaintiff seeks conditional certification of the settlement class, consisting of 41 non-exempt employees employed by Defendants who are neither office workers nor employees who opted-out of the litigation. Third, approval is sought for Plaintiff's counsel to be appointed as Class Counsel, as they will be responsible for mailing the settlement notices, calculating Class Members' individual awards, and issuing and mailing settlement checks, among other duties. Fourth, Plaintiff seeks approval of the Notice. Therefore, Plaintiff requests that the Proposed Order be entered.
First, preliminary approval of the Settlement Agreement is appropriate in light of the fairness of the settlement, its adequacy, its reasonableness and the best interests of the class members (see Klein v Robert's Am. Gourmet Food, Inc., 28 AD3d 63, 73 [2d Dept 2006]). This is demonstrated through the Settlement being a result of extensive negotiations made in consideration of the advantages and disadvantages to the Class Members and based on damage [*2]calculations determined from data collected from both Plaintiff and Defendants (NYSCEF Doc No. 7).
Second, the proposed class meets each of the five statutory requirements under CPLR 901 (a) providing that one or more members of a class may sue as representative on behalf of the class if: "(1) the class is so numerous that joinder of all members whether otherwise required or permitted is impracticable ["numerosity"]; (2) there are questions of law or fact common to the class which predominate over any questions affecting only individual members ["predominance"]; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class ["typicality"]; (4) the representative parties will fairly and adequately protect the interests of the class ["representation"]; and (5) a class action is superior to other available methods for the fair and efficient adjudication of the controversy ["superiority"]."
Here, the five requirements of a proposed class are satisfied pursuant to CPLR 901 (a). The "numerosity" requirement is met as there are 41 class members (see Lee v ABC Carpet & Home, 236 FRD 193 [SD NY 2006]; Hoerger v Board of Educ. of Great Neck Union Free School Dist., 98 AD2d 274 [2d Dept 1983]; Adams v Bigsbee Enter., Inc., 53 Misc 3d 1210[A], 2015 NY Slip Op 52008[U] [Sup Ct, Albany County 2015]).
Under the "predominance" requirement, Plaintiff demonstrates that the class members are united by the Defendant failing to pay proper wages and provide proper wage notices and statements to employees, causing the same harm to each affected class member (see Krebs v Canyon Club, Inc., 22 Misc 3d 1125[A], 2009 NY Slip Op 50291[U], *8 [Sup Ct, Westchester County 2009] [standard requires "predominance, not identity or unanimity, among class members"]; Friar v Vanguard Holding Corp., 78 AD2d 83 [1980] [whether law or fact predominate is determined by whether use of a class action promotes uniformity of decision as to persons similarly situated]). Furthermore, the Plaintiff's claims are typical of members of the class because the claims of Plaintiff and all members of the class arise from the same alleged conduct, suffered from the same alleged wrong committed by Defendants, and are based on the same legal theory (see NYSCEF Doc No. 7; Friar, 78 AD2d 83 [plaintiffs' claims are typical when they derive from the same practice or course of conduct that gave rise to the remaining claims of the class members and is based upon the same legal theory]). Plaintiff seeks the same relief as and is familiar with the claims of the other class members whom he seeks to represent (see Pruitt v Rockefeller Center Properties, Inc., 167 AD2d 14, 21 [1st Dept 1991] [counsel for plaintiff must be competent and interests of named plaintiff must not be adverse to that of the class members]). Finally, a class action is superior to alternative means as employing a class action for hours-and-wages conserves judicial resources, avoids repetitive proceedings, prevents inconsistent adjudications (see Krebs, 2009 NY Slip Op 50291[U]).
Third, Plaintiff's counsel may be appointed as class counsel pending evidence of their experience in litigating class actions (Id.). Here, Plaintiff's counsel has worked on, prosecuted, and settled wage and hour claims as well as has experience with class action law. It is well suited to serve as class counsel.
Fourth, under CPLR 908, "[n]otice of the proposed [settlement] shall be given to members of the class in such manner as the court directs." The Notice in NYSCEF Doc No. 8, which counsel assures will be mailed to all Class Members using all reasonable steps (see NYSCEF Doc No. 7, ¶2.3), describes the terms of the settlement, available relief, and procedures for objecting and opting out. The Notice also includes Class Counsel and settlement claims [*3]administrator's contact information as well as information concerning fees and costs sought by Class Counsel and the Fairness Hearing date, time, and place (see NYSCEF Doc No. 8).
Plaintiff Saldivar's unopposed request for (1) preliminary approval of the Settlement Agreement, (2) conditional certification of the settlement class, (3) Counsel to be appointed as Class Counsel, (4) approval of the Notice is GRANTED. Plaintiff's Proposed Order will be signed.
Dated: January 7, 2024
Brooklyn, NY
AARON D. MASLOW
Justice of the Supreme Court of the State of New York